UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

IRVING LUGO COLINA,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

Case No. 1:26-cv-205

Honorable Paul L. Maloney

**OPINION**

      Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court deny without prejudice Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I.**      **Procedural History**

      In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.29–30.) In an order entered on January 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested

by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on January 29, 2026, (ECF No. 4), and Petitioner filed his reply on February 1, 2026, (ECF No. 5).

**II.     Factual Background**

Petitioner is a native and citizen of Venezuela. (Pet., ECF No. 1, PageID.8; Record of Deportable/Inadmissible Alien, ECF No. 4-2, PageID.44.) On October 30, 2019, Petitioner entered the United States at the Miami International Airport. (Record of Deportable/Inadmissible Alien, ECF No. 4-2, PageID.45.) Petitioner was removed by expedited removal. (*Id*.)

Petitioner reentered the United States on January 13, 2022, near Eagle Pass, Texas. (*Id*., PageID.44.) He was encountered by Border Patrol Agents that day and processed as a "Reinstatement." (*Id*.) The Immigration and Naturalization Act (INA) provides that "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5).

Neither Petitioner nor Respondents explain how Petitioner, as a person subject to removal, was released into the country. Nonetheless, Petitioner was apparently released into the country and lived with his family in Ohio for nearly four years. On December 18, 2025, Petitioner was arrested during an ICE check-in. (Record of Deportable/Inadmissible Alien, ECF No. 4-2, PageID.45.) Respondents acknowledge that Petitioner claimed a fear of removal to Venezuela. (*Id*.)

Respondents argue:

> Section 1231 of the Immigration and Nationality Act (INA) applies to aliens, like Petitioner, who are subject to a final order of removal. It provides that during the 90-day removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). This period of mandatory detention was recognized by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001),

> where the Court noted that "[a]fter entry of a final removal order and during the 90–day removal period . . . aliens must be held in custody." Here, because Petitioner did not appeal the order of removal and was not in non-immigration detention or confinement, the removal period began on December 11, 2025—the date the order of removal became "administratively final." 8 U.S.C. § 1231(a)(1)(B). Thus, Petitioner is still within the 90-day removal period, during which his detention is mandatory pursuant to the INA.

(Resp., ECF No. 4, PageID.36.) Petitioner's reply brief does not challenge Respondents' position in any way. (Pet'r's Reply, ECF No. 5.) Indeed, Petitioner instead addresses arguments that Respondents did not make.

### III.   Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.   Statutory Basis for Petitioner's Detention

Petitioner contends that Respondents have violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2). Petitioner argues that he is instead properly detained, if at all, under 8 U.S.C. § 1226(a). Respondents, however, contend that Petitioner is detained under 8 U.S.C. § 1231(a).

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." *See* 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *See id.* § 1231(a)(2)(A).

3

Respondents state the order or removal became final on December 11, 2025. Petitioner does not contest that statement. Accordingly, the 90-day removal period, therefore, will expire on March 11, 2026.

Moreover, after the 90-day removal period has expired, a noncitizen may continue to be detained. *See id.* § 1231(a)(6). The Supreme Court has held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen "for a presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

The only exception to removal after reinstatement of a prior order is if the noncitizen requests withholding of removal "by expressing a fear of returning to the country designated in that order." *See* 8 C.F.R. § 241.8(e). In such a case, the noncitizen "shall be immediately referred to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture pursuant to § 208.31 of this chapter." *Id.*

The Record of Deportable/Inadmissible Alien supplied by Respondents indicates that Petitioner has expressed such a fear. (Record of Deportable/Inadmissible Alien, ECF No. 4-2, PageID.45.) But Respondents have the right to detain Petitioner even if he is seeking withholding of removal. In *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021), the Supreme Court "was asked to decide which of two provisions [8 U.S.C. § 1226 and 8 U.S.C. § 1231] applies to aliens who were removed from the United States but later reentered without authorization, were subject to reinstated orders of removal, and then sought withholding of removal based on fear of persecution in the particular countries designated by their removal orders." *See id.* at 526. The Supreme Court concluded that "§ 1231, not § 1226, governs the detention of aliens subject to reinstated orders of

4

removal, meaning those aliens are not entitled to a bond hearing while they pursue withholding of removal." *Id.*

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's amended § 2241 petition. That denial, however, will be without prejudice to Petitioner's right to file a new § 2241 petition challenging his continued detention should Petitioner's detention continue past the presumptively reasonable six-month period set forth in *Zadvydas*.[1]

Dated:   March 2, 2026                             /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge

---

[1] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2002). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.